FRED A. RISSER, Chairperson Senate Organization Committee
The Committee on Senate Organization has asked whether article XIII, section 11 of the Wisconsin Constitution bars a railroad from offering, or a public official from accepting, a ride on a train when the purpose of the ride is to inspect specific rail activities, such as the progress of a rehabilitation project for the installation of a new rail relay system or simply to tour railroad facilities.
Commonly called the Free Pass Amendment, article XIII, section 11 of the Wisconsin Constitution prohibits the giving of any free pass, frank or privilege involving traveling accommodations, or transportation of any person or property, or the transmission of any message or communication to state and local officials and employes, candidates for state or local offices, political committees, or any member or employe of a political committee. I discussed the amendment's history and scope in 77 Op. Att'y Gen. 237 (1988). The facts you describe would not constitute a violation of article XIII, section 11 of the Wisconsin Constitution.
As explained in this office's earlier opinion, the constitution prohibits any person, business or corporation from offering or giving anything involving traveling accommodations or transportation for which it usually would charge. Therefore, a railroad pass given to a legislator at a discount would violate the constitutional prohibition, as would the right to travel first class at tourist fares. A tour of a railroad's facilities, or a trip by railcar to inspect certain railroad improvements, does not involve transportation for which the railroad usually would charge a fare. Assuming that the railroad involved provides passenger service *Page 138 
at all, the railroad's business is transporting passengers from one destination to another. The railroad does not usually charge for tours of its facilities since it is not in the business of providing tours of its facilities.
As the request for the opinion indicates, the transportation provided in this instance is akin to a tour of an industrial plant; transportation might be provided as part of that tour but is incidental to the tour. In the context of article XIII, section 11 of the Wisconsin Constitution, "transportation" means the business of carrying people or property from one place to another. As noted in my earlier opinion, the intent of the prohibition was to prohibit bribery of public officials through gifts of transportation and traveling accommodation services. Nothing in the section's language or history suggests that it was intended to prohibit bona fide tours of railroad facilities conducted by rail.
Section 11.40, Stats., is also applicable. That section prohibits a public utility, which includes a railroad, from offering or giving any special privilege to any candidate for public office, among other people. A special privilege is defined as any thing of value not available to the general public. Quite clearly, a tour of the railroad facilities is not available to the general public. I would also conclude, however, that a tour of the facilities alone was not something of value. Unlike a meal, refreshments or gifts, the tour of the facilities has no intrinsic value; its only value is in conjunction with the tour because it facilitates that tour. The providing of transportation for the tour, whether by rail or golf cart, is not prohibited under section 11.40. If, however, the company offers a meal, refreshments or a gift memorializing the opening of new facilities, it cannot offer those things to anyone included within the ambit of section 11.40.
DJH:AL *Page 139